Judge Owsley
delivered the opinion of the court.
This is a writ of error brought to reverse a judgment res- *411 dered by the circuit court, upon an appeal frorn the judgment of a justice of the peace, pronounced against Latham upon a warrant sued out by Ford, &c.
On an ap-a j.fsl¡ce> no declaration is necessary,, if tion.
_ Want of ju-cannot be ob! ⅛ an aPP®al> if ,a {⅛⅛.
C⅜⅛ ⅛ debitutns «:⅛ ¡a„‘ are«>hh-in tiie jm-is- “ of a jusacc..
The judgment of the circuit court appears to have been rendered, after the motion of Latham to set aside the ver-diet and grant a new trial, vyas overruled, and the points relied on for a reversal of the judgment, gro'w out of the bill of exceptions taken to the refusal to award a new trial.
The motion for a new trial was made on the grounds of the verdict being against lawsmd evidence; and if, as is al-lodged, the evidence; introduced on the trial conduces, in no respect, to establish a demand upon Latham, cognizable before a magistrate, there is no doubt but that the verdict was against law. For, although, if an appeal be tried oh an issue made up to a declaration filed bv the plaintiff in the warrant, no exceptions can regularly be taken, on the trial, on account of the subject matter not coming within thejurisdiction of the justice, yet as it is only in those cases, of which justices have cognizance, that the filing a declaration is dispensed with, it follows that on a trial, when no declaration is filed, the plaintiff in the warrant must, to authorise a verdict in his favor, prove a case strictly within the jurisdiction of the justice; and as the case now un-derconsideration was tried without a declaration, it results, that Ford & al. the plaintiffs in the warrant, were bound to prove their case to be within the cognizance of a magistrate. -
Assuming, however, the facts, which the evidence conduces to prove, to be sufficiently established, we should be of opinion the case of Ford & al. is properly within the cognizance of a magistrate. There is no doubt, .but upon such a state of facts, an action of indebitatus assumpsit for money had and receiyed, might be maintained; and in such acase it is settled, if the sum be under $50, a recovery may be bad before a justice. '
iAnd with respect to the objection against the sufficiency of the evidence to support the verdict, we are not disposed, contrary to the opinion of the court below, to interfere.
The evidence, it is true, is not as conclusive as it might be, but it is certainly of a character from which the jury might very rationally infer every fact necessary to authorise ^he verdict.
The judgment must be affirmed with cost and damages.